The opinion of the Court was delivered by
Putnam, J.
The plaintiffs undertake to show, that the defendants authorized Levi Maxcy to make the contract declared upon, in their behalf. This authority may be either express or implied. The former is not suggested ; but the plaintiffs argue, that the latter is to be inferred from the general agency which the defendants intrusted to Mr. Maxcy. We do not, however, think ourselves warranted to say, that the law will necessarily imply a promise, on the part of the defendants, from the facts reported. If the sale of the iron was *149 made by the plaintiffs to Perley Rice in his own name, and for his own use, and not for the use of the defendants, we are clearly of opinion, that they are not liable, merely because their general agent has pledged their credit as sureties or indorsers for Rice.
The authority of a general agent is not unlimited ; It must necessarily be restrained to the transactions and concerns appurtenant to the business of the principal. Thus, one who was authorized to buy the raw materials, and to sell the manufactures of a manufacturing company, could not, .by implication, have authority to buy ships or real estate, or any other thing having no relation to the establishment. So, if one was authorized generally to sign promissory notes for the debts of the principal, it could not be reasonably intended, that he might, by implication, have authority to give notes binding his principal to pay the debts of strangers, or to pledge the credit of his principal as a surety for goods which were not bought for him, and which never came to his use.
Analogous to this principle, it has been well settled, that a factor has no authority to pawn the goods of his principal; for the plain reason, that such an authority could not reasonably be implied from the power of selling, to render an account.
*In the case at bar, we are apprehensive that the jury have not distinctly considered the question, whether the iron was bought for the defendants, as an article supposed to be necessary in the management of their affairs. If such was the fact, we should hold the defendants liable in this action ; even if the agent afterwards should have unfaithfully appropriated it to his own use. And, if the goods came to the use of the defendants, we should think that was a fact which was proper for the consideration of the jury, connected with the other circumstances of the case, as tending to prove that the contract was originally made on their account, or that they assented to the act of their agent; a subsequent assent being equivalent to a previous command. And the assent of any one oí the partners would be good evidence, affecting the rest; unless, b} the articles or constitution of the company, the whole concern anu management should have been intrusted to a committee or board ot. managers, in which-case the assent should be proved to have been given by them, or some of them, pursuant to the authority delegated to them by the company.
Upon these views of the case, we are of opinion that a new tria, should be granted.
JVew trial granted.
[See Story on Agency c. 6. — Ed.]