The Court
overruled the objection, and the deposition was read.
Mr. Bradley then contended that the note is not, on its face, a company note, but purports to be the individual note of the defendant; and that the burden of proof is on him to show his authority to bind the company by such a note. White v. Skinner, 13 Johns. 308, 311; Randall v. Van Vechten, 19 Id. 60.
Mr. Brent, contrct. The plaintiff produces a note signed by the defendant, as agent of the company, and the defendant proves that he was their agent; the burden of proof is now on the plaintiff to showr that the defendant is personally liable. Theobald on Agency, 333; Wyman v. Gray, 7 Har. & Johns. 409; 2 Kent, Com. 614.
Whereupon, Mr. Bradley, for the plaintiff, moved the Court to instruct the jury that the note upon which this suit is brought imports, upon its face, a personal obligation, and the defendant is personally liable therefor, unless they shall find, from the evidence, that the defendant was authorized to. bind the Wheeling Cotton Manufacturing Company by such contract, declared their names, and professed to act for them in the execution of it; and signed the same in pursuance and performance of his said authority;
Which instruction the Court refused to give.
Mr. Bradley then further moved the Court to instruct the jury, that the said corporation is but an agent, exercising only delegated authority; that all agents appointed by it must act within the object and scope of the charter of the said company; that the appointment of such sub-agent must be clearly proved, and the extent of his powers, in the particular matter, clearly defined ; and if the jury shall be satisfied, by the evidence, that the promissory note, in the declaration mentioned, was given for a loan of money, they must further find that it was for a loan of money to the said company, for its corporate objects, and that the defendant was fully authorized to obtain such loan, and to bind the said company, by his signature to the said note, and declared, or it was understood between the lender and such agent, that it was for the use of the said company; otherwise, the defendant is personally liable.
Which instruction the Court also refused to give.
*301 Mr. Bradley then further moved the Court to instruct the jury, that, if from the evidence they shall be of opinion, that on the 22d day of March, 1834, or at any time before that day, or before the 24th day of May, 1834, the Wheeling Cotton Manufacturing Company had ceased to do business as a company, or had sold all the property of the company, and ceased to do business as a company or corporation, then the said corporation was dissolved, and the defendant is personally and individually responsible on the note upon which this suit is brought.
Which instruction the Court also refused to give.
Mr. Bradley then further moved the Court to instruct the jury, that, if from the evidence they shall find, that, in the summer of 1834, after the making of the said promissory note, the corporate property of the company was all sold by the said company ; that the said company ceased to do business as a corporation, and the stockholders therein made a distribution of the effects of the said corporation, and apportioned the debts due by the said company, to be paid by such individual stockholders, then there is nobody in esse which can be sued as the principal, or which the defendant, as agent, could make responsible by the signature to the said note, and he, the defendant, is personally responsible therefor.
Which instruction the Court also refused to give.
Mrl Bradley then further moved the Court to instruct the jury, that if from the evidence they shall be of opinion, that, in the years 1833 and 1834, and for a long time before, it was the usage and custom of the banks and exchange-brokers, in that part of the State of Virginia in which the town of Wheeling, is, to discount paper at and after the rate of one per cent, for sixty days; and, in addition thereto, to charge a premium for exchange on eastern paper, varying from an half to one per cent, when eastern paper was loaned; and also to charge the same discount and premium for the renewal of the notes given therefor; and that the said transaction was bond fide, and not intended as a cloak for usury, this case was not usurious.
Mr. Brent, contrd, cited New York Firemen's Insurance Co. v. Ely, 2 Cowen, 705.
But the Court gave the instruction.
Mr. Bradley then moved the Court to instruct the jury, that, if they shall be of opinion from the evidence that the consideration given for the promissory note upon which this4, suit is brought, was a loan negotiated by William B. Atterbury to the Wheeling Cotton Manufacturing Company, by Reddick M’Kee, agent thereof, or by any other person acting on behalf of the said company ; and that the terms of the said loan were one per cent, for sixty days’ discount for forbearance, and one half per cent, for *302 exchange on eastern funds; and that such was the usage and custom of the banks and exchange-brokers in that part of the country where the said loan was made, in the years 1833 and 1834; and that the same rate of discount and premium, or commission, was charged upon each renewal of such loans, then the said contract was bond fide, and not usurious. Comyn on Usury, 133, 134, 135.
Which instruction the Court refused to give.
Mr. Brent, for the defendant, then moved the Court to instruct the jury, that upon the whole evidence the plaintiff is not entitled to recover in this action, even if the defendant had no authority to bind the company.
Which instruction the Court refused to give.
But upon the motion of the defendant’s counsel, instructed the jury, that if they believe from the evidence that the note, on which this suit is brought, was given by the defendant bond fide as agent’for the Wheeling Cotton Manufacturing Company, for a loan of money to the said company, and that the same was known to the said Atterbury at the time he discounted the said note, the plaintiff is not entitled to recover in this action. New York Firemen's Insurance Company v. Ely, 2 Cowen, 703.
Mr. Brent, for the defendant, cited Theobald on Agency, 303, 337; Long v. Colburn, 11 Mass. 97; Ballou v. Talbot, 16 Mass. 461; Harper v. Little, 2 Greenleaf, 14; 2 Kent’s Com. 631.
Mr. Bradley cited 2 Livermore, 247; Buffum v. Chadwick, 8 Mass. 103; Odiorne v. Maxey, 13 Mass. 178; Batty v. Carswell, 2 Johns. 48; Thatcher v. Dinsmore, 5 Mass. 299.
Verdict for defendant. The plaintiff took bills of exception, but has not prosecuted a writ of error.-