# WILLIAM P. HENDERSON *et al.*
## *v.*
## PRESTON CUMMINGS.

1. AGENCY — *ratification.* Where an attorney compromised a debt of his principal, who, after a full knowledge of all the facts attending it, retained the money paid on such compromise, he will be held bound by it, and will not be permitted to ratify it so far as it is for his interest and repudiate the residue.

2. CHANCERY PLEADING — *objection that a bill is multifarious cannot be taken in this court for the first time.* The objection that a bill is multifarious cannot be raised for the first time in this court. It should be made in the court below, either by demurrer, plea or answer.

3. SAME — *what deemed a waiver of such objection.* And, where a party files his answer, and goes into an examination of the testimony on the merits, he will be considered as having waived such objection.

WRIT OF ERROR to the Circuit Court of Bureau County; the Hon. MADISON E. HOLLISTER, Judge, presiding.

The facts in this case are sufficiently stated in the opinion.

Mr. J. I. TAYLOR, for the plaintiffs in error.

Messrs. KENDALL & IDE, for the defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

It is to one point alone we have deemed it necessary to direct our attention, as that is decisive of this case, and must affirm the decree, and it is this: If the plaintiffs in error desired to repudiate the compromise made by their attorney, Hemenway, with the defendant in error, after they had obtained full knowledge of all the facts attending it, they should have tendered back the money received on the compromise, and then taken out their executions. Retaining the money after all the facts had become known to them through their agent, however, must be held to be a ratification of the arrangement made. A party cannot be allowed to ratify a proceeding so far as it is for his interest, and repudiate the residue. Under

the arrangement made by Hemenway, plaintiffs in error received a considerable sum of money in compromise of a debt due them by the defendant in error, who is shown to have been at the time, if not in insolvent circumstances, at least in a precarious and uncertain condition as to available means to pay his debts. Justice will not allow the plaintiffs in error to retain the fruits of the compromise, and at the same time repudiate it.

Had they been driven to the necessity of paying back this money before they took out executions, it is quite probable, from the testimony, there would have been no repudiation. Having chosen to retain the money, they must abide the terms of the compromise. It must be taken as one entire thing, and is not to be acquiesced in in part and repudiated in part.

On the question that the bill was multifarious, the interests of the plaintiffs in error being separate and distinct as to these moneys, we have to say, the objection comes too late. It was not made by demurrer in the court below, or by plea or answer, and cannot now be made here for the first time. Filing answers, and going into an examination of the testimony as to the merits of the whole matter in controversy, was a waiver of the objection. 1 Daniel's Ch. Pr. (rev'd ed.) 352, where numerous authorities on the point are referred to in the notes.

Perceiving no error in the record, the decree must be affirmed.

*Decree affirmed.*