THE SOUTHERN LIFE INSURANCE AND TRUST COMPANY, PLAIN-TIFF IN ERROR, vs. JOHN D. GRAY, DEFENDANT IN ERROR.

A note made payable to the agent of a corporation, may be sued in the name and on behalf of the company, if it is proved to be the property of the corporation.

Error to the Circuit Court of the County of Franklin.

For a statement of the case—the principle involved, and the errors assigned, see the opinion delivered by the Court.

*Thompson,* for plaintiff in error :

This was an action in the Court below, brought by the plaintiff in error against the defendant, as maker of a promissory note, dated St. Joseph, November 7, 1839, payable thirty days after date, promising to pay James Ruan, agent of the Southern Life Insurance and Trust Company, or order, one hundred and fifty-eight 98-100 dollars.

The note was endorsed as follows : Pay to the order of George Field, President. James Ruan, Agent.

The plaintiffs proved that Ruan was its agent, and that George Field was its President. During the progress of the trial, the plaintiff struck out the special direction of the endorsement, as stated in the bill of exceptions.

The Court ruled out the evidence of the fact that George Field was the President of the plaintiff, which was introduced for the purpose of showing that the endorsement to Field in his official capacity, coupled with the possession by the plaintiff of the note, was intended to vest the property in the note in the plaintiff.

The Court then decided that the plaintiff was not in law entitled to recover.

The errors assigned in this Court are :—

1. The Court ruled out improperly the evidence of the fact that George Field was President of the plaintiff.

2. The Court erred in deciding that the plaintiff is not in law entitled to recover.

1. It was competent to show by evidence that the word President, attached to Field's name, was a transfer to him in his official capacity of an officer and servant of the plaintiff. Church vs. Barlow, 9 Pick. R., 547. State vs. Boies, 2 Fair. R., 474. Barker vs. Prentiss, 6 Mass. R., 430. See, also, Mott vs. Hicks, 1 Cowen R., 513. Folger vs. Chace, 18 Pick. R., 63. Spear vs. Ladd, 11 Mass. R., 94.

The right to strike out special endorsements, where no right of property is intended to be conveyed thereby, such as to agents of the true owner for collection, or any other purpose, is a familiar principle, and has been often recognized. See Morris vs. Freeman, 1 Dall., 193. Thompson vs. Robertson, 4 Johns. R., 27.

2. Upon the facts proved, we hold, the plaintiff was in law entitled to recover. The note was payable to Ruan, as agent of the plaintiff, and he endorses it over to another officer also the agent of the plaintiff, and the instrument is in the possession and control of the plaintiff. No evidence is offered by the defendant of any interest in Ruan or Field, adverse to the plaintiff, in regard to this note, or the debt secured thereby.

*Archer*, for defendant in error.

DOUGLAS, Ch. J.

This is an action of *assumpsit* instituted by the plaintiff in error in the Circuit Court of Franklin County against the defendant in error. The declaration contains two counts. The first upon a promissory note, and the second on a bill of exchange.

The defendant put in the plea of *non assumpsit*, which was filed before the adoption of the new rules. The following bill of exceptions is set forth in the record, viz :

" Be it remembered, that on this day came the parties by their attorney, and by consent of the said parties, the questions of law and

fact in issue were submitted to the Court, without the intervention of a jury, and thereupon the plaintiff introduced in evidence the promissory note sued upon.

"St. Joseph, November 7, 1839.

$158 99-100. Thirty days after date I promise to pay to James Ruan, agent of the Southern Life and Trust Company or order one hundred and fifty-eight 98-100 dollars for value received.

"JOHN D. GRAY.

"Endorsed—Pay to the order of George Field, Esq,, Pres't.

"JAMES RUAN, Agent."

The plaintiff's counsel having, at the trial, stricken out the special direction—pay to the order of George Field, Esq., Pres't—the said plaintiff also proved that James Ruan was at the date of said promissory note, the agent of the plaintiff, and that George Field was at the same time the President of the Southern Life Insurance and Trust Company, the plaintiff herein, to the admission of which evidence, as to George Field being President, the counsel for the defendant objected, and the plaintiff offered no other testimony. The Court considering the introduction of the evidence, as to the fact of George Field, Esq., being President of the plaintiff, as improper, the same is ruled out, and the Court proceeding to give judgment on the facts of the case, adjudges that the plaintiff is not in law entitled to recover. Therefore it is considered by the Court that the plaintiff take nothing by its writ, and that the defendant go thereof without day, and recover his costs by him, in and about his defence in this behalf expended, &c. To which opinion, ruling, and judgment of the Court, the plaintiff by its counsel excepts, and prays that his bill of exceptions may be signed, sealed and made a part of the record in this cause, which is done. Signed, &c.

The errors assigned are

First—The Court erred in ruling out the proof that George Field was President of the plaintiff.

Second—The Court below erred in adjudging that the plaintiff is not entitled to recover.

No question was raised upon the second count in the declaration, no evidence seems to have been offered upon it. In the case of Ward & May vs. Bull & Shine, 1 Florida Reports, 280, where a jury had been waived, as in this case, this Court said: "We must

look at the finding of the Court, as though it had been the finding of a jury," and as upon a demurrer to evidence, such conclusions as a jury might justifiably draw, the Court ought to draw. Pawling, et al., vs. The United States, 2 Cond. Reps., 92.

So, in this case, the Court should have drawn the same conclusions from the evidence as the jury might justifiably have drawn. The main question in the case is, had the plaintiff a right to maintain its action upon the note sued upon, and what is the fair legal inference from the proof, as to the ownership of the note in question ? It was payable to James Ruan, agent of the Southern Life and Trust Company. No notice seems to have been taken at the trial that the word Insurance was left out of the description of the company—no objection was there made, nor is any made here, on that account: we may therefore, we think, properly take the description as that of " The Southern Life Insurance and Trust Company." Are these words merely a *descriptio personarum ?* If so, then the note was by its terms the property of the said James Ruan, and he would have been entitled to sue upon it, but if they are to be taken as words of substance, indicating that the note was taken by him as the agent of the Company, (whose agent the proof shows he then was) then the fair and legitimate inference is, that the note was the property of the Company, and it did not require any endorsement to enable it to sue upon it : for " if the instrument is not under seal, it seems to be the general principle that the party for whose sole benefit it was evidently made, may sue thereon in his own name, although the engagement be not directly to him." 1 Chitty's Pl., 4–5, and authorities there cited. In the case of the Trustees of Ministerial and School fund in Levant vs. Parks, et al., a note of hand payable to George Waugh, Treasurer of the Ministerial and School fund in Levant, or his successor in office, was held to be rightly sued in the name of the corporation of which George Waugh was treasurer. 1 Fairfield's Reps., 441 to 446. The State vs. Bans et. al., 2 Fairfield's Reps., 474–475, was upon a promissory note in the words following, to wit : " For value received we jointly and severally promise James Irish, Land agent of Maine, to pay him or his order, one hundred and twenty-five dollars in three years, and interest annually. (Signed) James Bans, Ichabod Russell." Martin, Ch. Justice, said : We perceive no difference between this case and that of Irish vs. Webster, et al.,

34

5 Greenleaf, 171. In that case, the note was not negotiable ; in the present, it is so. The principle ground is, that the land agent is the servant of the State, making contracts in behalf of the State. A note payable to such an agent, is in legal contemplation payable to the State. In Dugan, et al., Ex'rs., vs. the United States, 3 Wheat. Reps., 172, 4 Peter's Cond. Reps., 224 to 226, it was held, that where a bill of exchange was endorsed, Thomas Tudor Tucker, Treasurer of the United States, who received it in that capacity, and for account of the United States, and the bill had been purchased by the Secretary of the Treasury with money of the United States, and was afterwards endorsed by T. T. Tucker, as Treasurer of the United States, to Messrs. Wilhem and Jan Willink and N. and J. and R. Van Staphorst, and by them presented to the drawees for acceptance, and protested for non acceptance and non payment, and sent back by W. and S., to the Secretary of the Treasury, held that the endorsement to T. T. Tucker, Treasurer, &c., passed such an interest to the United States as enabled them to maintain an action on the bill against the first endorser. In Alston vs. Hartman, Treasurer, &c., 2d Alabama Reps., 699–701, it was held, a promissory note payable to the Treasurer of the Manual Labor Institute of Alabama, is a contract with the corporation, and no action can be maintained thereon in the name of the Treasurer, and Collier, Ch. J., in delivering the opinion of the Court, said : " Where a contract appears ; to have been made with a corporation, though agents are employed to effect it, and there be a written promise to pay the agents *eo nomine*, it has been held that the corporation must sue for the breach of" such a contract, citing Gilmore vs. Pope, 5 Mass. Reps., 491. African Society vs. Varick, 13 Johns. Reps., 381. Penn. Reps., 115, and Bowin vs. Morris, 2 Taunt. Rep., 387.

And to the same effect is Arnold et al. vs. Lyman, 17 Mass. R., 400 to 404. Porter vs. Yale College, 3 Conn. Reps., 59 to 63. In Ewing vs. Medlock, 5 Porter Reps., 82, a promise in writing was made to the treasurer of an unincorporated association of individuals, and it was held " the contract was not with the individual who might be treasurer, but with the association." James Ruan was proved to have been the agent of the plaintiff, when the note on which the first count in the declaration in this case was founded was made, and all the reasoning employed in these several cases goes to show that

this suit is properly brought, unless there is something in the endorsement which prevents their application. If the note in question was at its inception the property of the plaintiff, (and we deem that the fair inference from the testimony,) it is difficult to perceive how the title to it was changed by its being endorsed to its President.

It is alleged as error that the Court ruled out improperly the evidence of the fact that George Field was President of the plaintiff, at the time when the endorsement of the note to him as such was made. If the view we have taken of this case be correct, it is not, perhaps, very material; but it seems to have been pertinent to the issue, and upon the whole, we think, should have been admitted. It would have helped to explain the transaction, and, taken in connection with other evidence, it might have had some weight; and it is a general rule, that the parties to a written agreement are not precluded from proving facts consistent with such agreement, though not expressed in it." 3 Starkie Ev., 1047.

The situation and circumstances of the parties may be shown by parol evidence, for the purpose of aiding in the construction of the writing. 1 Phil. Ev., 417. That was the very purpose, it would seem, for which this testimony was offered, and, therefore, it could not properly be excluded. The position assumed by the counsel for the plaintiff in error, that the holder has a right to strike out the special endorsement on a note or bill of exchange, where no right of property was intended to be conveyed by it, such as to an agent of the true owner for collection, or for any other purpose, appears to be consonant to reason and justice, and well sustained by adjudged cases. In Morris vs Freeman, 1 Dallas Reps., 192, the Court held that " the plaintiff in an action upon a bill of exchange, might strike out a special, as well as a general endorsement on the bill." And the same principle is asserted in Thompson vs. Robertson, 4 John. Reps., 26 to 31. The special endorsement having been stricken out, the note was left as it stood when it was first made, in effect the property of the plaintiff, or the property in it passed by the blank endorsement to the plaintiff, and in either case it might sue upon it.—A note endorsed in blank is like one payable to bearer, and passes by delivery, and the holder may constitute himself or any other person assignee of the bill. In the case of blank endorsements, possession is evidence of title. Thornton vs. Moody, 2 Fairfield's Reps.,

Southern Life Insurance and Trust Co. *vs.* Gray.—Opinion of Court.

256.  3 Kent's Com., 59, 60.  1st Kinnie's Comp., 80, 84, and authorities there cited.

This case comes within the rule laid down in the case of Ward & May vs. Bull & Shine—1 Florida Reps., 276—" that where mixed questions of law and fact are presented to the Court for its decision, no writ of error lies, unless the Court is called upon to decide questions of law, or such question of law necessarily arises out of the facts, and is distinctly presented to the Court upon them, so that the decision of the point of law will decide the merits of the case," and the decision of the Court is wrong.

. Here, besides the rejection of the testimony, which, we think, should have been admitted, a question of law arises out of the facts of the case, as presented by this record, decisive of its merits ; and upon that question, the decision of the Court below, according to our view of the matter, was wrong.

The judgment is, therefore, reversed, and the cause remanded for further proceedings, in accordance with this opinion.

*Per curiam.*

NOTE.—The Chief Justice said it might be proper for him to observe, that he had heretofore declined to try or decide contested cases, in which this company was a party, because some of his relatives held stock in it, although it is very doubtful how far this creates an interest in them—that stock being deemed valueless ; but in this case, it is understood that the learned judge who decided it below doubts whether his ruling in it was right, and the counsel for the defendant in error declined arguing it, because he deemed that ruling wrong.  Under these circumstances—there being no contest in it—there seemed to be no good reason to delay the case, by his adhering to that rule of conduct ; and without him, there was not a competent Court here to decide it.