BROWN ET AL., EX'RS, v. KIENE, ASSIGNEE.

1. **Assignment for Benefit of Creditors:** DUTY TO PAY TAXES: CONTRACT TO THE CONTRARY: MISTAKE. While it is the duty of an assignee for the benefit of creditors to protect a purchaser of the property of the estate against taxes levied upon it before the sale, and to protect the mortgagee of real estate against taxes on personal property which have become a lien on the mortgaged realty, (Laws of 1876, ch. 14,) yet, where the mortgagee foreclosed and bought in the realty for less than the judgment, and afterwards, before the year for redemption had expired, he took from the insolvent and assignee a quitclaim deed for the land in satisfaction of his whole claim, with an understanding that he took it subject to the lien of the taxes in general, *held* that, though the taxes on the personalty of the insolvent, which were a lien on the land, were not in the minds of the parties, they were included in the terms of the contract, and that the mortgagee could not afterwards compel the assignee to pay the taxes on the personalty.

2. **Agency:** ATTORNEY AT LAW: AUTHORITY: RATIFICATION. While an attorney at law may not have authority to accept a deed for mortgaged land in satisfaction of a judgment of foreclosure, and bind his client by the terms of the conveyance, yet the client cannot, while retaining the land, repudiate the terms of the conveyance on the ground that his attorney exceeded his authority.

*Appeal from Dubuque Circuit Court.*

MONDAY, JUNE 27.

DEFENDANT is the assignee of William Stolteben, under a deed of general assignment for the benefit of creditors. Plaintiffs held a mortgage on real estate given by Stolteben

before the assignment was executed. They filed their claim with the assignee, but subsequently withdrew it, and prosecuted to judgment an action for the foreclosure of the mortgage, and at the sale under the foreclosure they bid in the property. Subsequently, and before the right of redemption had expired, they procured from Stolteben and the assignee a quitclaim deed of the premises. The general assignment was made in June, 1885, and the sale under the foreclosure was in February, 1886. The real estate was sold for taxes levied by the city of Dubuque for the year 1885, a portion of which was a tax upon the personal property owned by Stolteben, but which was a lien on the realty. The taxes levied by the county for the year 1885 on the personal property of Stolteben, also a tax on the same property voted to aid in the construction of a railroad, remain unpaid, and are also liens on the real estate. The railroad aid tax was voted in 1884, but no part of it was collectible until 1886. Plaintiffs filed a motion in the circuit court for an order requiring the assignee to pay the personal property taxes, which remained unpaid, out of the assets of the estate; also to join with plaintiff in redeeming the property from the sale for the city taxes, and that he be required to pay, for that purpose, the amount of the tax on the personal property. The circuit court overruled this motion, and this appeal is from that order.

*D. C. Cram*, for appellants.

*Fouke & Lyon*, for appellee.

REED, J.—It is provided by statute (chapter 14, Acts 16th Gen. Assem.) that "in all assignments for the benefit of creditors, assessments or taxes levied under the laws of the state, including municipal corporations, shall be entitled to priority or preference, and be first paid in full." Under this provision, although its primary object is the protection of the public revenue, it would doubtless be the duty of the assignee to protect the purchaser of the property of the estate against

the taxes levied upon it before the sale. It would also be his duty to protect the mortgagee of real estate against taxes upon other property of the estate, which under the law have become a lien upon the mortgaged property. But it clearly would be competent for him to sell the property subject to the lien of the taxes, and we think the evidence introduced upon the hearing of the motion in the circuit court shows that the quitclaim deed from Stolteben and defendant was given with the understanding that plaintiffs should take the property subject to the lien of the taxes. By that conveyance Stolteben and the assignee relinquished their right to redeem from the sale, and plaintiffs were vested with an absolute title and right to the possession of the property. They took possession of it, and received the rents and profits accruing from it during the remainder of the period allowed by the statute for making the redemption. They paid nothing directly for the conveyance, but took the property in satisfaction of the whole amount of their claim ; their bid at the sheriff's sale being less than the amount of their judgment and the costs. It is probably true that neither of the parties knew, when the agreement was entered into, that any taxes except such as were levied upon the real estate were a charge upon it. But that can make no difference. The agreement was, generally, that plaintiffs should take it subject to the liens of the taxes. The terms of the agreement included all taxes, which were a lien upon it. It is not a case of mutual mistake, against which equity would afford relief, but is one in which the parties comprehended a fact in their agreement of the existence of which they were ignorant, and, as plaintiffs received the benefits for which they contracted, there is no reason why the agreement should not be enforced according to its terms.

II. The agreement was entered into on plaintiff's part by the attorney who prosecuted the foreclosure suit for them, and it is insisted that the contract was beyond the scope of his employment. It may be conceded that the authority to bind plaintiffs by the agreement in question was not conferred upon the attorney

2. AGENCY: attorney at law : authority: ratification.

by his employment to prosecute the foreclosure suit ; but the unauthorized acts of an attorney, done in the name of his client, like those of any other agent, may be ratified by the principal. As stated above, plaintiffs took and retained possession of the property after the execution of the quitclaim deed. They have accepted and retained the benefits accruing to them under the agreement. We do not decide that they might not have repudiated the agreement when they discovered the extent to which the attorney had assumed to bind them ; but in that case they would have been required to repudiate the whole contract. They clearly cannot, while retaining the beneficial results of the agreement, repudiate those portions of it which are injurious to them.

AFFIRMED.