W. M. HINMAN v. F. C. AUSTIN MANUFACTURING COMPANY.

FILED JUNE 4, 1902.  No. 11,883.

Commissioner's opinion, Department No. 3.

1. **Principal and Agent:** CONTRACT: BENEFICIAL PART: BURDENSOME PART: ENFORCEMENT.  A principal will not be permitted to enforce that part of a contract made by his agent which is beneficial to him, and repudiate that part which is burdensome.

2. **Instruction:** CONSTRUCTION OF CONTRACT.  An instruction which submits the construction of a contract to a jury is erroneous.

3. ————: VERDICT: ERROR WITHOUT PREJUDICE: PREJUDICIAL ERROR. Where it appears from the nature of a verdict that the jury must have found in favor of one party on a certain point, ordinarily an erroneous instruction as to such point, is error without prejudice, as to such party; but where the case is submitted on an erroneous theory, and matters are submitted to the jury which are exclusively for the court, and the verdict does not necessarily imply a finding on such point for such party, an erroneous instruction thereon will be held to be prejudicial error.

ERROR from the district court for Lincoln county. Tried below before SULLIVAN, J. *Reversed.*

B. I. *Hinman* and *Beeler & Muldoon,* for plaintiff in error.

T. C. *Patterson, contra.*

ALBERT, C.

This action was brought by F. C. Austin Manufacturing Company against Washington M. Hinman on a promissory note. The execution of the note is admitted, but, as a defense thereto, the defendant alleges that the note represents the purchase price of a certain ditching machine sold and delivered to him by the plaintiff on a written contract of warranty, of which there had been a breach, whereby he had sustained damages in the sum of $1,200. The contract of warranty relied upon is as follows:

"This agreement, made and entered into this twelfth day of November, A. D. 1894, by and between F. C. Austin Mfg. Co., of the city of Chicago, county of Cook, and state of Illinois, and W. M. Hinman of North Platte of ———— county of Lincoln and state of Nebraska.

"Witnesseth, That the said F. C. Austin Mfg. Co., hereby contracts and agrees to ship for trial to the said W. M. Hinman one of the 'New Era' railroad graders and wagon loaders, warranting said machine to be well made of good material, and capable of excavating and placing in railroad or levee embankment one thousand cubic yards of earth in ten hours actual work, or of loading from 500 to 600 wagons per day wherever stones or roots are not of sufficient size to impede progress in plowing. It being understood that the said F. C. Austin Mfg. Co., or their representatives, shall set up the said machine in working order and prove by its use, its capability of doing the amount of work herein specified. The said W. M. Hinman hereby agrees to witness the trial of said machine, and to supply the necessary men and teams for trial of

machines whenever required by the said F. C. Austin Mfg. Co., and if, upon trial, the said machine shall be found capable of doing the amount of work herein specified, then the said W. M. Hinman shall complete the purchase of the said machine, and pay for the same the sum of twelve hundred dollars ($1,200) in cash, $50, notes, $1,150.

"Should said machine be found defective and incapable of performing the work herein specified, then the said ———— shall not be required to receive said machine unless said defect shall be remedied and its capacity finally proven as above claimed. But if it shall be shown that the machine is incapable of doing the work as herein claimed, then this contract shall in no way bind said ———— the said F. C. Austin Mfg. Co., agreeing to take back the machine and pay all freight and expenses incurred. This contract embodies the entire understanding and is not to be affected by any verbal statements.

"We hereby agree to make good above warranty of F. C. Austin Mfg. Co.          HERSHEY & Co.,
"*Agents for F. C. Austin Mfg. Co.*"

The plaintiff denies that it gave the warranty in question, and alleges that the machine was sold to the defendant on an oral contract, which provided, in substance, that the plaintiff was to test the machine, but that until after said test was completed the defendant was to be under no obligation to take it, and then only in the event he was satisfied with it; that in accordance with said oral contract, the plaintiff shipped its machine from its factory in Chicago, paid the freight on it, sent an expert to operate it, and make the test aforesaid; that it was tested in accordance with the terms of said oral contract in the presence of the defendant, after which the defendant expressed his satisfaction with the result of such test, accepted the machine, and executed the note in question. There was a trial to a jury, which resulted in a verdict for the plaintiff for one hundred dollars less than the amount actually due on the note at the time. From a judgment rendered on

such verdict, the defendant prosecutes error to this court.

The court, on its own motion, instructed the jury as follows:

"2. Under the issues thus formed by the pleadings, certain facts are admitted. First. Execution and delivery of the note sued upon is admitted by the defendant, and he also admits that he has not paid any part of the same. The plaintiff admits that the note sued upon represents a part of the purchase price of a grader or ditching machine purchased from it by defendant; that the full purchase price of the machine was $1,200. of which the remainder had been paid by defendant before the beginning of this action. The question in dispute between the parties or the issue presented by the pleadings and the truth of which you are called upon to determine from the evidence is, was the machine received by defendant under and with a written warranty and what were the terms of the alleged written waranty, and did he receive the machine relying upon the warranty, and did the machine comply with all the terms of the same, and if not, what terms of the alleged warranty has it failed to comply with, and what damage, if any, has defendant sustained because the machine failed to meet the conditions or have the qualities which it is alleged plaintiff in its sale of the machine warranted it to have; and did defendant unconditionally purchase the machine or did he take it only on trial?"

"3. Among other conditions in the contract of warranty offered in evidence by the parties was one that the plaintiff company agrees to ship the machine for trial to defendant, and agrees to set up the same in working order and prove its capability of doing a certain amount of work, specified in the alleged contract; defendant agreeing to witness the trial of the machine and supply the necessary men and teams for the trial of the machine, and if the machine was found capable of doing the work represented therein, then Hinman agreed to complete the purchase of the machine. Now it appears from the undisputed testimony that at the time this contract was made, the machine

was already upon the premises of the defendant, and it could not therefore have been in the contemplation of the parties that this machine should be shipped. It further appears from the undisputed testimony that at least some trial of the machine had been made before the giving of the notes and signing of the contract.. The contract therefore when considered with the undisputed evidence in the case is not entirely clear as to its meaning, or rather as to the intention of the parties signing it. There are two things expressed in the contract of warranty: one is, that the machine is well made and of good material; and the other is, that it is capable of excavating and placing in railroad or levee embankment a thousand cubic yards of earth in ten hours of actual work, or of loading from five to six hundred wagons per day, whenever stones or roots are not of sufficient size to impede progress in plowing. It is insisted that the plaintiff company warranted the machine at the time it took his notes and delivered the warranty, to have both of these qualifications, and that he relied upon this warranty in giving his notes in the purchase of the machine. It is for you to determine from the contract itself, considered in connection with all the other testimony in the case, as to what the intention of the parties was. That is, was it the intention of the parties that the machine should have both of these qualities and that the plaintiff warranted it to have the same, or was it the intention of the parties that the defendant only took the machine for trial; or was that part of the contract referring to the trial of the machine not in contemplation of the parties, or their intention at the time of the giving of the notes and warranty?"

"7. A corporation can only act through its agents. In this case it is the undisputed testimony that Hershey & Co. were the agents of plaintiff for the sale of the machine. If Hershey & Co. as agents of plaintiff made the contract with defendant, then this contract should be the contract of the plaintiff and the defendant. If Hershey & Co. signed the plaintiff company's name to the contract of

warranty offered in evidence, then this would bind the company and would become the warranty of the company. In such a transaction as this the intention of the company is but the intention of the agent. And in this case if after considering the contract of warranty in connection with all the testimony in the case, you believe it was the intention of Hershey & Co. as agents of plaintiff, not only to warrant that the machine was well made and of good material, but also that it was capable of excavating and placing in railroad embankment a thousand cubic yards of earth in ten hours work, or of loading from five to six hundred wagons per day, where stones and roots did not impede progress in plowing, and defendant understood that such was the intention, and unconditionally purchased the machine relying upon such fact, and did not take the machine on trial, or with the agreement to return it, if it did not comply with such alleged conditions; and if you further find the machine was not well made or of good material, or was not capable of excavating and handling the amount of earth mentioned in said contract, then it will be your duty to allow the defendant such damages as you think him fairly entitled to. Of course if the machine was well made and of good material, and capable of handling the amount of earth mentioned in the contract, then you should find for the plaintiff in the full amount of the note sued upon."

The defendant first complains of the seventh instruction, on the ground that it submits to the jury the question whether the contract of warranty was binding on the plaintiff. It is undisputed that the agents who signed the contract were the agents of the plaintiff; that the contract was written on one of the blanks of the plaintiff; that it was executed contemporaneously with the notes given for the purchase price of the machine, and is a part of the same transaction; that when first prepared and signed by such agents and handed to the defendant, he examined it and returned it with the request that they add thereto their personal guarantee; that the agents did

this by inserting over the signatures already attached to the contract the last clause of such contract. On this state of facts, to our minds it is clear that the contract of warranty was a part of the contract of sale, and a binding obligation on the plaintiff. Some question is raised in the record as to the authority of the agent to bind the plaintiff by such warranty. But the warranty is only part of the contract of sale; the note in suit is another part. The plaintiff can not successfully insist on the enforcement of that part of a contract which is beneficial to it, and at the same time repudiate that part which is burdensome. If it accepts the benefits, it must shoulder the burdens.

Each of the foregoing instructions is assailed on another ground, and that is it submits the interpretation of the contract to the jury. The sole dispute as to the terms of the contract is in regard to the warranty. As we have seen, the machine was sold under the warranty, which was reduced to writing. All prior conversations and negotiations in respect thereto, must be held to have been merged in the written document. Its construction was for the court. The criticism that by these instructions the interpretation of the contract was left to the jury, is just and the instructions are erroneous.

It is urged on behalf of the plaintiff that, the case having been submitted to the jury, under instructions by which they were directed to find for the plaintiff for the full amount due on the note, unless they should find in favor of the defendant on the question of the warranty, in which case, they should deduct the amount of his damages from the amount due on the note, and return a verdict for the balance, the jury, having deducted $100 from the amount due on the notes, must therefore have found in favor of the defendant on the question of warranty; consequently the errors above mentioned are without prejudice to the defendant. Theoretically, there is much to be said in support of this position. Practically, we believe it untenable in this case. We have examined the instructions with care, and are of the opinion that they

do not so clearly exclude every hypothesis upon which the defendant would be entitled to damages, save that of a breach of warranty, that a finding in his favor on the question of warranty is necessarily implied from the verdict. In the face of the clearest instructions, it is not always easy to account for a verdict; and where, as in this case, the case is submitted to the jury on an erroneous theory, and they are sent to their deliberations charged with responsibilities that do not belong to them, the causes which produced the verdict must be largely a matter of conjecture.

Other errors are assigned and argued, but they are not such as are likely to arise on another trial of this case, and for that reason they will receive no further consideration.

It is recommended that the judgment of the district court be reversed, and the cause remanded for further proceedings according to law.

DUFFIE and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed, and the cause remanded for further proceedings according to law.

REVERSED AND REMANDED.