SERAFINA W. DE BARTLETT, APPELLANT, v. ELOISA B. DE WILSON AND JOSE O. WILSON, HER HUSBAND, APPELLEES.

1. An agreement that a deed conveying land shall operate as a mortgage to secure a debt is not within the statute of frauds, since it is not a contract for the sale of lands or any interest therein. It is a right reserved by the grantor to redeem the land upon the payment of the debt. This right is recognized by the statute and is not required to be evidenced by writing.

2. The relations existing between the parties at the time of its execution may be considered in determining

32—S. C.

De Bartlett v. De Wilson et al.—Syllabus.

whether a deed of conveyance of land absolute on its face was intended to operate as a mortgage to secure the payment of a debt.

3.    Where an agent of a creditor is authorized to foreclose a mortgage on land and to secure a settlement of the indebtedness, and the agent instead of foreclosing the mortgage takes a conveyance of the land to his principal with an agreement that the rents from the land are to be applied to the debt, and that the land will be reconveyed to the debtor when he pays the debt, and the creditor accepts and retains the conveyance, he does so subject to the conditions that properly render it a mortgage, especially when the consideration for the conveyance was only the principal of the unpaid debt.

4.    In order to carry out the intention of the parties and to prevent fraud and imposition and to promote justice, parol evidence is admissible to show that a deed of conveyance of land absolute upon its face was intended to operate as a mortgage; and where it is shown that such a conveyance was executed to secure the payment of money, equity will treat it as a mortgage and will decree a reconveyance upon accounting and settlement.

5.    In a suit to have a deed conveying land adjudged to be a mortgage and for a reconveyance upon accounting and settlement, where it is admitted that the debt existed, and that the deed was executed to prevent the foreclosure of a mortgage upon the same land for such indebtedness, and no consideration for the conveyance other than the debt is shown, and there is ample evidence to sustain the finding of the chancellor that the deed was intended to secure the payment of the debt, a decree holding the deed to be a mortgage and directing an accounting before a master will not be disturbed on appeal on the ground that the proof is not clear, convincing and positive.

This case was decided by Division A.

Appeal from the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*P. O. Knight,* for Appellant;

*Macfarlane & McKay,* for Appellees.

WHITFIELD, J.: The appellees as complainants filed a bill in chancery in the Circuit Court for Hillsborough county in which it is alleged, that on April 30th, 1891, the complainants being indebted to the defendant in the sum of fifteen hundred dollars made and jointly signed a promissory note to defendant in the sum of fifteen hundred dollars with interest at eight per cent. per annum for five years, and jointly executed a mortgage on certain real estate, the separate property of the complainant Eloisa B. de Wilson, to secure the payment of the note; that on November 30th, 1899, the defendant demanded payment in full of the note and also of the interest amounting to $110.00, and threatened to foreclose in default of such payments; that complainants were then unable to pay and so stated to the defendant, whereupon in order that the rents accruing from the mortgaged property might be collected by the defendant and applied upon the payment of the principal and interest of the note as aforesaid, it was agreed by and between complainant Eloisa B. de Wilson and the defendant, Serafina Wilson de Bartlett, through and by their agents Jose O. Wilson and Luis Bartlett, respectively, that the mortgaged property should

by an absolute deed of conveyance be conveyed to the said Serafina Wilson de Bartlett in fee simple, and thereupon complainants by an absolute deed of conveyance dated November 28, 1899, conveyed to the said Serafina Wilson de Bartlett, the mortgaged property, which said deed was recorded December 1st, 1899; that the transaction, agreement and conveyance with all its details and conditions were made with the full knowledge of both such principals and their said agents; that said deed of conveyance, although appearing to be absolute on its face, was not intended to be such by complainant Eloisa B. de Wilson and the said Serafina Wilson de Bartlett nor by their agents, Jose O. Wilson and Luis Bartlett, respectively, but on the contrary it was expressly understood and agreed that the said premises thereby conveyed were to be held by the said Serafina Wilson de Bartlett simply as a security for the payment of the said sum of money and interest as aforesaid, and that upon the payment of that sum and the interest to the said Serafina Wilson de Bartlett, she would reconvey the said premises to complainant Eloisa B. de Wilson by an absolute deed; that said Serafina Wilson de Bartlett on November 28th, 1899, entered into the possession of the said premises and the receipt of the rents and profits thereof, and still retains the same; that at the time the said deed was made conveying the said property to Serafina Wilson de Bartlett she was in Cuba and the said deed was delivered to her agent, Luis Bartlett, who had said deed recorded, it being expressly understood and agreed by and between both Jose O. Wilson as agent for complainant Eloisa B. de Wilson and Luis Bartlett as agent for Serafina Wilson de Bartlett and between said principals that the rents accruing from the said property were to be paid, and they have been paid,

to the said Serafina Wilson de Bartlett since the date of the deed herein named, and that the rents so collected by the said Serafina Wilson de Bartlett should be applied upon the payment of the principal and interest on the note hereinbefore mentioned; and it was further expressly understood and agreed by and between all of the above mentioned parties, both principals and agents, that upon the payment of the amount herein named, both principal and interest as aforesaid, the rents and profits above mentioned to be included by complainant to the said defendant, the said Serafina Wilson de Bartlett would reconvey the said premises to complainant, Eloisa B. de Wilson, by good and sufficient deed; that on November 28th, 1899, the date of the said deed of conveyance, the property therein described at its true value was worth $3,500.00, but that since that time the property had increased in value and to-day at its true value is worth $5.000.00; that the said increased value has not been from improvements made thereon by the said Serafina Wilson de Bartlett, but caused by the increased demand for property in the community in which the said property is located; that the said property is situated on the corner of 8th Avenue and 13th Street in Ybor City, and that on the date aforesaid the said property rented for $11.00 per week and since that time the property has rented well. The prayer of the bill is for an accounting and a reconveyance of the land upon settlement.

The answer of the defendant admits that on April 30th, 1891, the complainants being indebted to the defendant in the sum of $1,500.00, executed a note and mortgage as alleged; that sometime in the fall of 1899, the complainants having failed to pay the interest due defendant, or to pay the taxes on said property, the defendant demanded

payment of the note with interest, and that not receiving any payment the defendant authorized Luis Bartlett to recover the amount due defendant on the note aforesaid, or in lieu thereof to institute foreclosure proceedings on said note and mortgage; that at said time it was impossible for this defendant to collect the sum of money due under the note and mortgage aforesaid; and complainant thereupon offered, if this defendant would satisfy said indebtedness, to convey by fee simple the said property to defendant. The defendant did not desire to take said property, but on account of her relationship with complainant she agreed to satisfy the indebtedness and to take a deed to said property; and thereupon the complainant did by an absolute deed of conveyance, dated November 28th, 1899, convey to the said Serafina Wilson de Bartlett the said property; that immediately said property was conveyed to her; that she placed the same in the hands of Dr. Bartlett as her agent to take charge of; and that ever since the conveyance of said property as aforesaid Dr. Bartlett has been collecting the rents, issues and profits thereof when the property was rented; has been keeping the same in repair, keeping the same insured, paying the taxes thereon, and this defendant has been exercising full and complete acts of ownership over the same without any thought of any claim or interest in and to said property by the said complaints or anyone else; that since November, 1899, contrary to expectations, the city of Tampa has been rapidly increasing in population until at the present time said property is worth more than it was at the time when said property was conveyed to defendant, and that although years have elapsed since the conveying of said property to defendant; that within the past several months the complainants have claimed that they made

some agreement with her agent Luis Bartlett whereby at the time of the conveyance of the property to defendant the said Luis Bartlett agreed that if the property was conveyed by a fee simple deed to defendant that whenever the moneys as evidenced by said original note and mortgage were paid to defendant that said property would then be conveyed to complainants; that defendant claims that no such agreement was ever made; that she denies absolutely that such an agreement was ever made by her or by anyone authorized to act for her, and she denies specifically that Luis Bartlett ever had any authority to make any such agreement for her, if in fact such an agreement was made by him, and that she has had no knowledge of any such claim or any such agreement until within the past several months, althoough Dr. Bartlett, her agent, has been living within a block of complainants and has been exercising complete acts of ownership over said property for years; the defendant claims and avers that said property was conveyed to her in fee simple without any agreement whatsoever that she should reconvey the same and that she is now the owner of said property and not coupled with any trust of the kind or character whatsoever; defendant denies that said deed is in effect a mortgage instead of what it purports to be upon its face.

A general replication was filed to this answer. Testimony was taken before a master and on hearing a decree was entered allowing the complainant to redeem the property upon the payment of the indebtedness found to be due by defendant after an accounting, which was ordered to be made before a master. An appeal was taken from this decree and errors are assigned on (1) holding that the deed was a mortgage; (2) ordering of an accounting; (3) rendering of the decree.

The contention for the appellant is that (1) The contract as to redemption is void under the statute of frauds; (2) The contract to redeem was not authorized or ratified by the appellant; (3) The deed cannot be contradicted by parol; (4) The contract to redeem was not proven by clear, convincing, positive testimony, but that the contrary is true.

A deed of conveyance of real estate executed for the purpose or with the intention of securing the payment of money, is deemed and held to be a mortgage, and is subject to the same rules of foreclosure and to the same regulations, restraints and forms as are prescribed in relation to mortgages. Section 1981, Revised Statutes of 1892.

An agreement that a deed conveying land shall operate as a mortgage to secure a debt is not within the statute of frauds, since it is not a contract for the sale of lands or any interest therein. It is a right reserved by the grantor to redeem the land upon the payment of the debt. This right is recognized by the statute and is not required to be evidenced by writing. See section 1981 Revised Statutes of 1892; 1 Jones on Mort. (6th ed.) Sec. 322; Gillespie v. Stone, 70 Mo. 505; 20 Am. & Eng. Law. (2nd ed.) 953. Walls v. Endel, 20 Fla. 86.

The conditions existing between the parties at the time of its execution may be considered in determining whether a deed of conveyance of land absolute on its face was intended to operate as a mortgage to secure the payment of a debt. See Solary v. Webster, 35 Fla. 363, 17 South. Rep. 646.

Where an agent of a creditor is authorized to foreclose a mortgage on land and to secure a settlement of the

indebtedness, and the agent instead of foreclosing the mortgage takes a conveyance of the land to his principal with an agreement that the rents from the land are to be applied to the debt, and that the land will be reconveyed to the debtor when he pays the debt, and the creditor accepts and retains the conveyance, he does so subject to the conditions that properly render it a mortgage, especially when the consideration for the conveyance was only the principal of the unpaid debt. See Union Mut. Life Ins. Co. v. Kirchoff, 133 Ill. 368, 27 N. E. Rep. 91; Brown v. Kiene, 72 Iowa 342, 33 N. W. Rep. 651.

In order to carry out the intentions of the parties and to prevent fraud and imposition and to promote justice, parol evidence is admissible to show that a deed of conveyance of land absolute upon its face, was intended to operate as a mortgage; and where it is shown that such a conveyance was executed to secure the payment of money, equity will treat it as a mortgage and will decree a reconveyance upon accounting and settlement. See Lindsay v. Matthews, 17 Fla. 575; Franklin v. Ayer, 22 Fla. 654; First Nat. Bank of Florida v. Ashmead, 23 Fla. 379, 2 South. Rep. 657, 665; Shad v. Livingston, 31 Fla. 89, 12 South. Rep. 646.

In a suit to have a deed conveying land adjudged to be a mortgage and for a reconveyance upon accounting and settlement, where it is admitited that the debt existed, and that the deed was executed to prevent the foreclosure of a mortgage upon the same land for such indebtedness, and no consideration for the conveyance other than the debt is shown, and there is ample evidence to sustain the finding of the chancellor that the deed was intended to secure the payment of the debt, a decree declaring the deed to be

a mortgage and directing an accounting before a master will not be disturbed on appeal on the ground that the proof is not clear, convincing and positive.

It is admitted that the complainants were indebted to the defendant, that a mortgage on the lands was given to secure the debt, that default was made in payments, that the agent of the defendant was authorized to collect the debt or to foreclosure the mortgage, that foreclosure was threatened and that the deed was executed to avoid the foreclosure, and that the deed and possession of the land were accepted and retained by the defendant. The deed is attached as an exhibit to the bill and the consideration stated therein is $1,500.00, the amount of the principal of the indebtedness. It is not shown that the mortgage was canceled. Under these circumstances the defendant cannot successfully resist a reconveyance of the land by setting up a want of authority in defendant's agent to make an agreement for such reconveyance upon payment of the debt, when such agreement is shown to have been made by the agent. The agent may not have been expressly authorized to make the agreement for redemption; neither is it shown that he was expressly authorized to accept the deed; but his acceptance of the deed was ratified by his principal in claiming and using it as title to the land and in taking the rents. She cannot ratify the act of the agent in part and reject it in part. See Hall v. Hopper, 64 Neb. 633, 90 N. W. Rep. 549; Hinman v. F. C. Austin Mfg. Co., 65 Neb. 187, 90 N. W. Rep. 934; Rader's Adm'r v. Maddox, 150 U. S. 128, 14 Sup. Ct. Rep. 46; 1 Am. & Eng. Ency. Law (2nd ed.) 1192.

There is ample testimony in the record to sustain the

finding of the chancellor that the deed was executed under conditions that made it in effect a mortgage.

The decree is affirmed.

SHACKLEFORD, C. J., and COCKRELL, J., concur;

TAYLOR, HOCKER and PARKHILL, JJ., *concur* in the opinion.