McNAIR & WADE LAND COMPANY, A CORPORATION ORGANIZED AND EXISTING UNDER THE LAWS OF FLORIDA, *Appellant,* v. F. M. ADAMS AND MAHANA ADAMS, *Appellees.*

1. While it is a well settled rule that parol evidence is not admissible to vary or contradict the terms of a written instrument, and that a written contract which is intelligible on its face must control, yet it is equally true that parties to a written agreement may prove facts consistent with the agreement, although, not expressed in it.

2. In construing a deed, the design of the maker must be gathered from the whole instrument. The subject matter embraced in the instrument; the intention of the parties, and the conditions surrounding them may be considered. If clauses in the instrument are repugnant to each other, they must be reconciled if possible, and the intent, and not the words, is the principal thing to be regarded.

3. Parties may make a contract, whereby one would be entitled to a perpetual right to enter upon the land of another and remove growing timber therefrom; but, as such an agreement is so unreasonable in its nature, no contract will be held to have this effect, unless it is so plainly manifest, from the terms of the same, that such was the intention of the parties.

4. In determining what would be a reasonable time to be allowed the purchaser of growing timber to remove the same,

all the facts and circumstances of the case and the conditions surrounding the parties at the time of the execution of the contract of purchase should be considered. The question of what is a reasonable time, is not to be determined by the will of the grantor.

This case was decided by the court *En Banc.*

Appeal from the Circuit Court for Taylor County.

The facts in the case are stated in the opinion of the court.

*Kay, Doggett & Smith* and *Hendry & McKinnon,* for appellant;

*Clarke & Clarke* and *T. B. Adams,* for appellees.

PARKHILL, J.—On the 13th day of August, 1900, the appellees executed a deed which purports, for the sum of four hundred dollars, to convey to the appellant company "and their heirs and assigns forever, all that certain tract or parcel of timber lying and being in the county of Taylor and state of Florida, described as follows: Being on the following described lands to-wit: East half of northeast quarter and north half of southeast quarter and north half of southwest quarter and southwest quarter of southwest quarter and north half of southeast quarter of southwest quarter of section ten (10) township five (5) south range eight (8) east, containing three hundred acres more or less, with the right to enter upon said land with full turpentine and mill privileges, to-wit: first to turpentine said timber and then to use same for milling purposes.

The said party of the first part reserves the right to use such of said timber as will be necessary to keep in

repair the fences on his present farm and to use sucn board timber as he may need for repair of buildings on said farm." It is a deed with full warranties.

On the 20th day of September, A. D. 1906, the appellees (complainants below) filed a bill in the chancery court, alleging that they were the owners of the above described lands, that the McNair & Wade Land Company offered to buy the timber growing thereon representing to complainants that it had purchased other timber near by and adjoining complainants' land, that it was contemplated and intended by the parties that the pine timber should be worked for turpentine purposes before being cut and utilized for milling purposes; that complainants sold the timber, growing upon said land by deed above mentioned, to be used for said purposes; that, while no time is specified in the written agreement within which the said timber should be cut and removed from said lands, yet it was understood and agreed by and between the complainants and defendant at and before the execution of said conveyance that the same should be cut and removed within a reasonable time, and at most within four years from the date thereof; that the representations and prior agreement that said timber should be cut and removed from said lands within a reasonable time entered into and was a part of the consideration inducing complainants to sell the timber to defendant; that relying upon said representations and agreement, complainants sold the said timber to the defendant company.

The bill further alleges "that under a proper construction of said deed the defendant was in duty bound to cut and remove said timber within a reasonable time after the purchase of the same, and that in default thereof the right to enter upon complainants' land to cut and remove said timber would be forfeited;" that

a reasonable time within which to cut and remove said timber has elapsed, but defendant company has not commenced to work said timber for turpentine purposes, and has taken no steps to cut and remove said timber from complainants' said land; that complainants have paid taxes on said land all this time, and protected said timber from fire and trespassers, and have been deprived of the use of said land; that the market value of said land has been practically destroyed by failure of defendant to cut and remove the timber; that complainants have tendered to defendant the consideration paid by defendant for said timber with legal interest thereon, but defendant declined and refused to accept the same, contending that, under the terms of said conveyance, the time within which defendant may cut and remove said timber is perpetual and unlimited. The bill prayed for a cancellation of the conveyance of said timber. The defendant demurred to this bill, and the chancellor overruled the demurrer and from this order defendant appeals.

The only grounds of the demurrer to be considered are those argued here, as follows: That the bill seeks to vary a solemn written instrument under seal by parol testimony; that the bill does not set up such defects in the deed as would authorize the complainants to vary the same by parol testimony, and that the bill attempts to vary a written instrument under seal, which creates an absolute estate in fee to a license merely for a term of years, uncertain in duration and enjoyment. We will decide nothing except what these grounds of demurrer present for decision.

It is a well settled rule that parol evidence is not admissible to vary or contradict the terms of a written instrument, and that a written contract which is intelligible on its face must control, the parties understanding

fully what the contract contains. Jenkins v. Lykes, 19 Fla. 148, S. C. 45 Am. Rep. 19. While this is true, yet it is also equally true that parties to a written agreement may prove facts consistent with the agreement although not expressed in it. Southern Life Insurance and Trust Co. v. Gray, 3 Fla. 262; Jacobs v. Parodi, 50 Fla. 541; L'Engle v. Ins. Co., 48 Fla. 82; DeBartlett v. DeWilson, 52 Fla. 497. If the agreement of the defendant, as alleged in the bill, to cut and remove the timber from the land of the complainants within a reasonable time after the sale thereof would have the effect or tend to contradict, vary or in any manner change the legal import of the deed of conveyance, then the position of counsel for defendant would be correct and the court erred in sustaining the demurrer to the bill. Counsel for appellant construe the deed as vesting the ownership in fee in the timber and such an interest in the land itself as is necessary for the support and nurture of the trees, and as giving the defendant company the right to enter upon the land to turpentine and remove the trees without any limitation as to time.

In construing the deed the design of the maker must be gathered from the whole instrument. We have the right to look to the subject matter embraced in the instrument, and to the intention of the parties and the conditions surrounding them. If clauses in the instrument are repugnant to each other they must be reconciled if possible, and the intent, and not the words, is the principal thing to be regarded. Stewart v. Preston, 1 Fla. 10; Fry v. Hawley, 4 Fla. 258; First Nat. Bk. of Florida v. Savannah, F. & W. Ry. Co., 36 Fla. 183, 18 South. Rep. 345; 42 So. 457; Hall v. Eastman, Gardner & Co., Miss, 43 South. Rep. 2; Henderson v. Mack, 82 Ky. 379; Langley v. Owens, 52 Fla. 302, 42 South. Rep. 457.

The deed we are construing conveys a *certain* parcel of timber, *being* on the land described. It does not convey all the timber that may thereafter grow upon the land. The timber is conveyed for definite, not all, purposes and uses—"first, to turpentine said timber and then to use same for milling purposes." These purposes imply, nay they require, the cutting down and removal of the timber from the land. This shows clearly that the estate conveyed should at some time come to an end, that it should not be perpetual. To give to the deed the construction placed upon it by appellant, would make it convey not only the timber now upon the land, but the timber to be grown thereon for all time. The defendant company could, under this construction, cut and manufacture into lumber the trees now growing, and then, after the lapse of time, cut other timber not now being on the land, crop after crop to be grown through all time, amounting to many thousands of dollars more than the consideration expressed in the deed. Parties may make a contract, whereby one would be entitled to a perpetual right to enter upon the land of another and remove timber therefrom; but, as such an agreement is so unreasonable in its nature, no contract will be held to have this effect unless it is so plainly manifest from the terms of the same that such was the intention of the parties. McRae v. Stillwell, 111 Ga. 65, 36 S. E. Rep. 604, 55 L. R. A. 513; Hall v. Eastman, Gardner & Co., *supra*.

The title to the timber passed immediately on the execution of the deed of conveyance. This deed is not an executory contract or parol agreement amounting to a license revocable at the pleasure of the grantor; but, construing the paper as a whole, it was not the intention of the parties that the grantee should have an indefeasible title and right to enter and remove the tim-

ber on the land. The allegations of the bill, therefore, do not vary or contradict the terms of the deed, by alleging that the defendant agreed at and before the execution of the deed to cut and remove the timber within a reasonable time. McRae v. Stillwell, supra; Hall v. Eastman, Gardner & Co., *supra;* Oatterson v. Graham, 164 Pa. St. 234; 30 Atl. Rep. 247. In coming to this conclusion we have not overlooked the case of Zimmerman Manufacturing Co. v. Daffin, Ala., 42 South. Rep. 858, and other authorities cited by counsel for appellant.

. The question of what is a reasonable time is not to be determined by the will of the grantor.

In determining what would be a reasonable time to be allowed the defendant to remove the timber from the land, all the facts and circumstances of the case and the conditions surrounding the parties at the time of the execution of the contract should be considered. Patterson v. Graham, *supra;* McRae v. Stillwell, *supra.*

The demurrer to the bill was properly overruled and the order thereon is affirmed.

All concur except SHACKLEFORD, C. J., providentially absent.