McNAIR & WADE LAND COMPANY, A CORPORATION, AND LAFAYETTE LAND COMPANY, A CORPORATION, *Appellants,* v. WILLIAM PARKER AND ELIZABETH PARKER, HIS WIFE, *Appellees.*

1. A warranty deed conveying to a land company, its heirs and assigns forever, for the consideration of $100.00, all the green pine and cypress timber on 120 acres of land, with the right to enter on the land with full turpentine and timber privileges, and with the right to construct roads and tramroads over the land, conveys no paramount fee simple inter-

est in the land itself, but creates a servitude in the land for the benefit of the grantee and its assigns which must be used and enjoyed by such grantee or its assigns within a reasonable time after its creation, and which may be lost by non-use or abandonment.

2.  Where a bill is filed to obtain a forfeiture of a contract or deed creating a servitude in land on the ground of non-use and abandonment, a demurrer to the bill on the ground that the complainant does not offer to return the purchase money, is not tenable.

3.  It appears that the agent of the purchaser of the rights conveyed in the deed referred to in the first head note, told the grantors that the timber would be operated as soon as railroad facilities could be obtained. It further appears that a railroad was constructed near the land on which the timber stood two years after the deed was made, and nearly eight years before the bill was filed in this case, and that nothing has ever been done towards operating the timber. It further appears that the land on which the timber stands has been the home of the complainants for a great many years: *Held*, that under these circumstances, the Circuit Judge committed no error in decreeing a forfeiture of the rights acquired under the deed.

Appealed from the Circuit Court for Taylor County.

The facts in the case are stated in the opinion of the court.

*Hendry & McKinnon*, for Appellants;

*W. B. Davis*, for Appellees.

HOCKER, J.—On the 20th day of June, 1910, appellees filed their bill against appellants in the Circuit Court of Taylor County alleging therein that on the 12th of

December, 1900, appellee William Parker was the owner and in possession of 120 acres of land in township 4 South of Range 8 east, in Taylor County, Florida, and as such, joined by his wife Elizabeth Parker, they signed, sealed and delivered a warranty timber deed or lease to the McNair & Wade Land Company, a certified copy of which is attached to and made a part of the bill. It is alleged that the deed only conveyed the timber upon the land for turpentine purposes, and to be cut and removed within a reasonable time. It is alleged that the timber is easily accessible to a railroad completed to within one mile of the timber in 1902, and operated since, and that in February or March 1906, another railroad was built within one hundred yards of the said land and timber, which has been since operated. It is alleged that these railroads are common carriers of freight and that there have been no providential hinderances that would have prevented the using of the timber in accordance with the terms of said deed or lease, and that though nearly ten years have elapsed said timber has not been removed from said land. It is further alleged that since said deed was executed some timber then too small for turpentine or timber purposes has grown until it is now fit for both purposes, getting sustenance from orator's soil. It is further alleged that orator has paid the taxes on the timber and land except one or two years. It is further alleged that three or four years is the usual time for operating timber for turpentine purposes, and that three years is amply sufficient to get the lumber off for saw mill purposes. It is further alleged that orators were residing on said land when said deed was made, and have resided on same since that time, and have several acres enclosed by a substantial enclosure in cultivation. It is further alleged that when the deed was made the

agent of McNair & Wade Land Company, with whom the trade was made, told orators that McNair & Wade Land Company would begin working and using the timber within a year or two at farthest and just as soon as transportation was accessible, and that the timber would be worked and used as rapidly as possible, and that it would not be longer than about six or seven years before the timber would be gotton off said land, and that the orators only agreed to sell said timber with a reasonable time to work and remove it, which has elapsed, and the rights conveyed have become forfeited. It is further alleged that the McNair & Wade Land Company conveyed the said timber to the LaFayette Land Company on the — day of ——————, 1907, and that the conveyance was made under and in accordance with orators timber deed to the McNair & Wade Land Company, and that the LaFayette Land Company have no greater rights in said timber than McNair & Wade Land Company had. The bill prays that the described deeds be cancelled as clouds on orators' title, and for general relief.

The foregoing statement contains the substance of the bill.

The deed from orators to the McNair & Wade Land Company is a warranty deed conveying for the consideration of $100.00 to said Land Company, its heirs and assigns forever, all the green pine and cypress timber *on the 120 acres of land* involved in this suit, with the right to enter on said land with full turpentine and timber privileges, and with the right to construct roads and tramroads over the land, the grantors reserving the right to use timber necessary to keep in repair the present farm only. The habendum clause of the deed is as follows: "to have and to hold the above granted, bargained and described premises with the appurtenances unto

party of the second part, its heirs and assigns to their own proper use, benefit and behoof forever."

There was a demurrer to the bill containing twelve special grounds which in substance are:

1st.   That the bill is contradictory and repugnant.

2nd.   That its allegations do not show a forfeiture.

3rd.   That it seeks to contradict and vary the terms of a solemn instrument under seal by a contemporaneous parol agreement.

4th.   That the deed shows an absolute conveyance of the timber and shows no condition on which a forfeiture could be declared.

5th.   That the bill does not show that the LaFayette Land Company had any notice of the alleged representations and agreements made by and with the agent of the McNair & Wade Land Company.

6th.   That the bill does not show the alleged representations of the agent of the McNair & Wade Land Company formed any part of or constituted the inducement to said contract.

7th.   That complainants do not show they were misled or deceived by any representation alleged to have been made by defendants or its agent.

8th.   That the bill does not show a reasonable time has elapsed for the exercise of defendants' rights under the lease.

9th.   That the bill does not show the complainants have been hindered in the free and unrestricted enjoyment of the premises.

10th.   That the bill does not show the complainants have been damaged.

11th.   That complainants do not offer to do equity in failing to tender the purchase price while seeking for a rescission of the contract.

12th.    That the prayer is not supported by the allegations.

This demurrer was overruled, and this ruling affords the ground for the first assignment of error.

In the brief of appellants it is first contended that the demurrer should have been sustained on the second and fourth grounds, and in support of the contention it is urged that the bill does not show a conditional estate, but shows a grant of an estate in presenti.

It does not appear that in any previous opinion of this court it has undertaken to define the nature of the estate or interest which is conveyed by a deed such as the one which is set out here, yet the effect and scope of such a deed is dealt with in the case of McNair & Wade Land Co. v. Adams, 54 Fla. 550, 45 South. Rep. 492, and other cases.    In fact many of the questions presented here are settled by that decision, and the principles there enounced need not be repeated here.    As to the interest conveyed by the deed it is plain that it carries no permanent fee simple interest in the land itself.    It conveys only the timber growing on the land, which is a kind of servitude which may be lost by non-use or abandonment.    Owing to the peculiar nature of this interest this court has settled the doctrine that where the deed creating it is silent as to the time within which the rights conveyed must be used that a reasonable time will be allowed for their enjoyment, and that "in determining what would be a reasonable time to be allowed the purchaser of growing timber to remove the same, all the facts and circumstances of the case and the conditions surrounding the parties at the time of the execution of the contract of purchase should be considered."    The question of what is a reasonable time is not to be determined by the will

of the grantor.     McNair & Wade Land Company v. Adams, *supra.*

It would not be profitable to go into an examination of the many and conflicting decisions of the courts upon the construction of such a deed as the one before us.  We are content with the rule laid down in the case of McNair & Wade Land Company. v. Adams, *supra.* where the deed construed was similar to the one in the instant case.

The other questions raised by the demurrer to the bill, except the one that no offer is made to return the purchase money, and the fifth ground, it seems to us are settled by the cited case, and by other cases in this court. As to this question it seems to be overlooked that the bill in this case does not seek to rescind the contract contained in the deed, but to obtain a forfeiture for non-uses or abandonment, and in such a case no equitable reason seems to demand a return of the purchase money. The agent of the McNair & Wade Land Company testified that he told the complainants at the time of the making of the deed "that the company would operate the timber as soon as they could get railroad facilities."  It is shown that a railroad was constructed and operated, and has since been operated near the property since sometime in 1902.  It also appears that nothing had been done towards operating the timber when the testimony was taken.  It seems to us that a reasonable time had elapsed for using the timber when the bill was filed.

It is contended that the LaFayette Land Company had no notice of the representations and agreements made by the agent of the McNair & Wade Land Company with the complainants in regard to the time of using the timber.  It seems to us, however, that the deed itself under which the McNair & Wade Land Company acquired its rights carried with it, by clear implication, notice that

the timber was to be used within a reasonable time, and the LaFayette Land Company acquired no greater rights than its grantors had. It does not appear that with this implied notice it ever made inquiry of the complainants of the circumstances under which the complainants executed the deed to the McNair & Wade Land Company. Complainants have been in uninterrupted possession of the property since the deed to the McNair & Wade Land Company was made. We discover no defense set up in the answer to the bill except the construction put upon the deed to the effect that the interests of the defendants are without limitation or qualification as to the time in which the timber was to be used. We do not agree with that construction.

The Circuit Judge on final hearing decreed that the rights of the defendants acquired by the deed from the complainants were forfeited and directed that said deed and the deed from the McNair & Wade Land Company to the LaFayette Land Company be cancelled. See Dowling Park N. S. Co. v. Hauck decided this day.

The decree below is affirmed.

WHITFIELD, C. J., AND TAYLOR, SHACKLEFORD AND COCKRELL, J. J., concur.