Central Public Service Corp. v. Hermia Pittman and Lottie Hartsfield, as joint tenants with right of survivorship.

157 So. 27.
Division B.
Opinion Filed October 19, 1934.

*James H. Finch,* for Plaintiff in Error;

*John H. Carter, and John H. Carter, Jr.,* for Defendants in Error.

BUFORD, J.—In this case the defendants in error filed suit at law against plaintiff in error, which was a foreign corporation. Service was had on a purported agent of the corporation, the return showing the absence from the State of all superior officers of such corporation. The plaintiff in error appeared specially and filed a plea in abatement which was a plea as to the jurisdiction of the court. The plea averred that the summons *ad res* was served on one W. S. Brandon as agent of the defendant corporation; that the corporation was organized under the laws of Maryland and had always, and at the time of the filing of the plea, existed only under and by virtue of the laws of the State of Maryland; that it had always had its corporate domicile in the State of Maryland; that the defendant corporation had never been domiciled in the State of Florida, had never had an office or place of business or agency in the County of Jackson or elsewhere in the State of Florida and that the defendant corporation did not at the time of the said attempted service of the said summons in said cause, or at any other time, carry on or conduct any business or have any office, officer or agent for the transaction of business in the State of Florida and that no person at the time of the attempted service of aforesaid was authorized to conduct any business for or represent said defendant corporation in the State of Florida in any manner whatsoever and that the said W. S. Brandon had no connection of any kind in said defendant corporation excepting as manager of the Southern States Power Company, a corporation organ-

ized and existing under the laws of the State of Delaware which has a separate and distinct corporate existence from that of the said defendant corporation; that defendant had never entered the State of Florida in its corporate capacity and had never at any time transacted business in the State of Florida within the meaning of the statute authorizing service upon the agent of a corporation who transact business for it.

The plaintiffs joined issue on the plea and the issue so joined was tried before a jury. The evidence showed that Brandon, the alleged agent, was the manager of an office located in Marianna, Jackson County, Florida; that during some four years prior to the institution of the suit the name of the defendant corporation was exhibited on the window of the office occupied by Brandon and employees under him; that the name of the corporation was also exhibited in front of the office by means of an electric sign; that during such period of time Brandon and employees under him had sold and delivered certificates of stock of and in the defendant corporation and had entered into contracts in the name of the corporation to repurchase such shares of stock under certain conditions; that the corporation had confirmed and acquiesced in the contracts made by Brandon by issuing and delivering the stock so sold by Brandon and by complying with the contracts so made in repurchasing various amounts of such stock. It was shown that the business of the corporation was that of a holding company and that it acted as a holding corporation for Southern States Power Company.

The record shows that the plaintiffs below in this case purchased the stock the purchase and sale of which was the subject matter of the suit through W. S. Brandon and that

the contract for the repurchase of the stock was made in behalf of the corporation by W. S. Brandon.

Subpoena *duces tecum* was issued to Brandon in which he was commanded to appear as a witness and bring "all correspondence, contracts, powers of attorney, letters of authority, of agency, including correspondence relative to the repurchase of stock of the defendant corporation sold in Marianna and vicinity during the years 1930, 1931 and 1932, and all correspondence that was passed between W. S. Brandon and the defendant corporation or any officer, broker or representative of the said defendant corporation in the year 1933.

At the trial of the cause on February 21, 1933, Brandon failed to produce said documents and correspondence and claimed that he had sent it all back to Chicago about December 9, 1932, after summons in this case had been served upon him, and that it had never been returned to him and that he had made no request for its return.

We think the evidence was sufficient to establish the fact that Brandon was the agent of the defendant corporation upon whom service of process would bind the defendant. Brandon claimed to be a sub-agent, that is, he claimed that he derived his authority to act from an agent of the corporation which was also a foreign corporation.

In Peace River Phos. Mining Co. v. Thomas A. Green, Inc., 102 Fla. 370, 135 Sou. 828, we said:

"One who accepts the fruits of a transaction consummated by one who acts within the apparent scope of the owner's authority as agent and who has ratified the acts of the apparent agent by consummating a contract, cannot be heard to deny the authority of the apparent agent in acting for the owner in that transaction. The owner cannot ratify the act of the agent in part and reject it in part."

We also said in that opinion:

"A great deal has been said in the briefs, pro and con, as to whether or not Oakman was the agent of the owner. It is immaterial whether he was the agent for the owner or not. He acted for the owner apparently within the scope of his authority as agent and the owner accepted the fruits of his activity in that regard and closed the deal entirely upon the showing and representations made by Oakman."

To the same effect is DeBartlett v. DeWilson, *et al.*, 52 Fla. 497, 42 Sou. 189.

In Watkins v. Sims, 81 Fla. 730, 88 Sou. 764, we said:

"Evidence that has a tendency to prove an agency is admissible, even though it be not full and satisfactory, and it is the province of the jury to pass upon it."

We think there is no merit in the contention that the plaintiff in error was not subject to process because it was not domiciled in the State of Florida. If it, through its agent, transacted its business in the State of Florida, which business appears to have been that of selling its own capital stock and financing other corporations, without qualifying to do business under the laws of the State of Florida, this violation of the law did not relieve it from, or make it immune from service of process of the courts of this State by serving the same upon such agents transacting business for it in this State.

There is ample evidence in the record to sustain the verdict and judgment. So the same should be affirmed.

It is so ordered.

Affirmed.

Davis, C. J., and Whitfield, Ellis and Terrell, J. J., concur.

Brown, J., dissents.